UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK



TOMMY WALKER, III,
   Petitioner,

v.

Case No. 04-2357

9:89-CV-1432

JERRY BRIGGS, et al,
   Respondents./
_____

## MOTION FOR RETURN OF PROPERTY SEIZED DURING SEARCH AND NOW BEING HELD UNLAWFULLY PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURES, RULE 41(g)

COMES NOW, Tommy Walker, III (hereinafter, Walker), proceeding in this matter pro-se, and hereby moves this Honorable Court pursuant to Federal Rules of Criminal Procedure Rule 41(g), for an order requiring Oneida County District Attorney and/or its agencies to return the property stated herein, wrongfully seized by law enforcement agents (Defendants) and presently being held without legal attachment. In support, Walker now submits the following:

### STANDARD OF REVIEW

Walker is a layman of the law and request a liberal construction of the pleadings. See, Haines v. Kerner, 404 U.S. 519 (1972). This Court retains the inherent power to apply the proper construction of governing law. Kamen v. Kemper Financial Services, Inc., 500 U.S. 90 (1991).

## Background

1. On November 18, 1988 Walker was arrested by the Utica Police Department (the defendants herein), the defendants conducted a search of his vehicle, person, and part time residence. During the search, the defendants confiscated six hundred thirty-eight dollars ($638.00), Stereo and electronic equipment, Air plane tickets, personal clothes, and my vehicle (a Chevrolet Van 1977); and other items of minimum value. All belonging to Walker, without a warrant.

2. Walker has contacted the District Attorney's Office on several occasions located at 800 Park Avenue, Utica, N.Y. 13501 in an attempt to recover the above stated property, to no avail. Only one of Walker's correspondences have been answered. (See attachments).

3. Walker now seeks return of illegally seized and held personal property.

## Legal Standard

4. Rule 41(g) Courts have recognized that once the law enforcement officers no longer has a need to use evidence, it should be returned. See e.g., United States v. Wilson, 540 F.2d 1100 (D.C. Cir. 1976).

5. The defendants has no legal grounds for holding Walker's personal property, because none of the illegally held property has ever been introduced as evidence against Walker during any court proceedings.

6. Furthermore, at no time has Walker been served with a notice of seizure by law enforcement agencies, nor has there been any judicial or adversary hearing regarding Walker's illegally held personal property. (A violation of Walker's Fifth Amendment right to due process

of law to object to an illeagl seizure).

7. The defendants in this case have conceded to the seizure of all the above stated personal property. (See supporting affidavit of defendant Jerry Briggs, pre-trial motion).

8. The Oneida County District Attorney's Office has not made any allegations nor taken any actions that said personal property was or is traceable to proceeds from drug activities in accord with Title 21 U.S.C. § 881(a)(6).

9. Walker contends that a fair market value of the property seized is as follows:

United States Currency---$638.00

Electronic Equipment-----$900.00

Air Plane Tickets--------$300.00

Personal Clothes---------$500.00

Vehicle------------------$2,000.00

Total Value--------------$4,238.00

10. Walker contends that illegal seizure of his personal property is a violation of his Fifth Amendment right to due process of law, when, as here, the illegal seized property is <u>now</u> <u>being</u> <u>held</u> <u>without</u> <u>legal</u> <u>attachment</u> and should be returned to its rightful owner (Walker) without any further delay.

11. Again, the defendants have conceded to the seizure of all the mentioned above, without any explanation as to why some of the items were not listed on the property list of items seized.

## Conclusion

12. WHEREFORE, Walker prays that this Honorable Court will order

the defendants in this case to return the personal property and/or its value presently being held without legal attachment in violation of Walker's Fifth Amendment rights; Or in the alternative, schedule the cause for an evidentiary hearing because the defendants can no longer show cause as to why said personal property is still being held.

Respectfully Submitted,

_____
Tommy Walker, III, pro-se

I HEREBY DECLARE, under the penalty of perjury that the foregoing is true and correct.

Executed on August 5th, 2011.

_____
Tommy Walker, III

## CERTIFICATE OF SERVICE

I, Tommy Walker, III, hereby certify that I have served a true and correct copy of the foregoing Motion for Return of Property, upon the court and parties to litigation of record, by placing same in a sealed, postage prepaid envelope addressed at 800 Park Avenue, Utica, N.Y. 13501, office of the Oneida County District Attorney.

Respectfully Submitted,

_____
Tommy Walker, III
Reg. No. 06328-052

```
        ┌─────────────────────────────────────────────────────────────┐
        │  TOMMY WALKER, III, Plaintiff-Appellant, v. JERRY BRIGGS,   │
        │     FRANK SIMONELLI, and PAUL KACZOR, Defendants-Appellees. │
        │       UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT │
        │            143 Fed. Appx. 399; 2005 U.S. App. LEXIS 20678   │
        │                           No. 04-2357                      │
        │                    September 23, 2005, Decided              │
        └─────────────────────────────────────────────────────────────┘
```

**Notice:**

RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**Editorial Information: Prior History**

Appeal from a judgment of the United States District Court for the Northern District of New York (Gustave J. DiBianco, Magistrate Judge).

**Counsel**

Tommy Walker, Appelant, Pro se, Lewisburg, PA.

FOR APPELLEES: Charles N. Brown, First Assistant Corporation Counsel (Linda Sullivan Fatata, Corporation Counsel, on the brief), Corporation Counsel's Office, City of Utica, Utica, NY.

**Judges:** PRESENT: RICHARD J. CARDAMONE JOSE A. CABRANES ROSEMARY S. POOLER Circuit Judges.

## Opinion

{143 Fed. Appx. 399} SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court be and it hereby is **AFFIRMED**.

Plaintiff *pro se* Tommy Walker appeals from a judgment, entered March 25, 2004, dismissing his 42 U.S.C. § 1983 action after a bench trial held before Magistrate Judge Gustave J. DiBianco. The District Court denied plaintiff's claims that (1) the search of his girlfriend's apartment on November 18, 1988 was conducted in violation of plaintiff's Fourth Amendment rights; and (2) the statements plaintiff made later that day while in police custody were coerced in violation of his Fifth Amendment rights.

We have reviewed the Magistrate Judge's findings of fact and conclusions of law, and considered all of plaintiff's arguments on appeal and find each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# ONEIDA COUNTY
# OFFICE OF THE DISTRICT ATTORNEY
## Scott D. McNamara
### District Attorney

Michael A. Coluzza
First Assistant

Kurt D. Hameline
Timothy P. Fitzgerald
Dawn Catera Lupi
Laurie Lisi
Paul J. Hernon
Matthew P. Worth
Joseph A. Saba
Grant J. Garramone

Steven G. Cox
Stacey L. Paolozzi
Bernard L. Hyman Jr.
Carla V. DiMarco
Douglas M. DeMarche' Jr.
Todd C. Carville
Robert L. Bauer
Michael R. Nolan
Kurt D. Schultz
Kara E. Wilson

September 28, 2007

Tommy Walker
Register #: 06328-052
USP Lewisburg
US Penitentiary
PO Box 1000
Lewisburg, PA 17837

Re: The People of the State of New York v. Tommy Walker

Dear Mr. Walker,

On November 18, 1988, you were arrested by the Utica Police Department. At that time, you possessed six hundred thirty-eight dollars ($638.00) in assorted currency.

At this time, the Oneida County District Attorney's Office is still in possession of the above-referenced $638.00. Accordingly, we would like to return one-third of the money to you upon your agreeing to forfeit the balance to the Oneida County District Attorney's Office. I have enclosed an Acceptance Agreement for your signature before a notary public. Upon receipt of the fully executed Acceptance Agreement a check will be sent to you in the amount of $212.67.

If you should have any questions, please feel free to contact me.

Very truly yours;

Scott D. McNamara.
District Attorney

SDM
Enclosure
Cc: File with copy of enclosure

800 Park Avenue • Utica, NY 13501 • Phone: (315) 798-5766 • Fax: (315) 798-5582

# Oneida County District Attorney's Office

## Acceptance Agreement

I, Tommy Walker, (7/28/1957), hereby acknowledge that I wish to avoid a civil lawsuit and agree to a compromise settlement with the Oneida County District Attorney regarding the $638.00 that was seized at the time of my arrest on November 18, 1988. I consent to the forfeiture of the $425.33 to the Oneida County District Attorney's Office in consideration of the undersigned receiving a check for $212.67 which was the amount of money seized from my person. I further understand and agree that I am not entitled to any interest regarding this cash as the Oneida County District Attorney's office has held the currency in a safe and has not collected interest on such money.

Signed: _____

Address: _____

_____

_____

Sworn to before me this
____ day of _____, 2007.

_____
Notary Public

Tommy Walker, III
Reg. No. 06328-052
USP-Lewisburg
P.O. Box 1000
Lewisburg, PA. 17837-1000

Nov. 2nd, 2007

Mr. Scott D. McNamara
District Attorney
Oneida County
800 Park Avenue
Utica, N.Y. 13501

In Re: <u>The People of the State of New York v. Tommy Walker, III</u>

Dear Mr. McNamara:

Thanks for finally acknowledging my request for return of property. unfortunately, your "Acceptance Agreement" omits many personal items seized by the defendants. That is, the defendants have conceded to the confiscation of the following items: my van, my stereo and electronic equipment, phone, beeper, car stereo and home stereo, etc., personal papers (with air plane tickets), personal clothes, and U.S. currency.

Nevertheless, I deny your Acceptance Agreement and respectfully request that your office and/or the defendants return all the property seized and/or the value of said property without delay. This personal property is needed and has already cause a great finalncial hardship on me and my family. The failure to return said property is in violation of my constitutional rights.

Respectfully Submitted,

Tommy Walker, III

cc; filed.