UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOMMY WALKER, III,

                               **Plaintiff,**

     v.                                     9:11-CV-959
                                                  (MAD/DEP)
JERRY BRIGGS,

                               **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**TOMMY WALKER, III**
**06328-052**
U.S. Penitentiary
P.O. Box 1000
Lewisburg, Pennsylvania 17837
Plaintiff *pro se*

**Mae D'Agostino, U.S. District Judge**

### DECISION AND ORDER

**I.     BACKGROUND**

On or about August 10, 2011, *pro se* Plaintiff Tommy Walker, III, who is presently incarcerated, filed a pleading styled as a motion for return of property, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.[1,2] *See* Dkt. No. 1. Plaintiff seeks the return of

---

    [1]      The motion was originally filed by the Clerk of the Court under *Walker v. Briggs*, Civil Action No. 9:89-CV-C432, an action commenced by Plaintiff on December 6, 1989, arising out of the same facts and circumstances alleged in the current complaint. By Text Order of August 12, 2011, the Court directed the Clerk to re-file this complaint as a separate action. *See Walker v. Briggs*, Civil Action No. 9:89-CV-1432, Text Order of 8/12/11. In accordance with that directive, the Clerk filed Plaintiff's complaint as a separate action under Civil Action No. 9:11-CV-0959.

    [2]      Since criminal proceedings are no longer pending against Plaintiff, the Court has
                                                                              (continued...)

property allegedly seized by the Utica Police Department during an illegal search conducted on November 18, 1988.  At the time of filing, Plaintiff did not pay the filing fee, nor did he file an application to proceed *in forma pauperis* ("IFP").  Accordingly, the Court ordered that Plaintiff either pay the $350.00 filing fee in full, or provide the Clerk of the Court with a signed IFP application and inmate authorization form within thirty (30) days from the date of the Court's Decision and Order, issued on September 15, 2011.  *See* Dkt. No. 2.  In compliance with that directive, on October 24, 2011, Plaintiff filed an IFP application along with a signed inmate authorization.[3]  *See* Dkt. Nos. 3, 4.  On that date, Plaintiff also filed a document he has identified as a "motion of clarification."  *See* Dkt. No. 5.  Upon review of Plaintiff's submissions, the Court has determined that Plaintiff's application to proceed IFP will be granted, but that this action will be dismissed.

## II.     REVIEW OF PLAINTIFF'S MOTION TO PROCEED IFP

### A.     *In Forma Pauperis* Application

After a careful review of Plaintiff's IFP application, the Court finds that Plaintiff

---

[2](...continued)
construed his motion for return of property as a claim for civil equitable relief.  *See Polanco v. United States Drug Enforcement Admin.*, 158 F.3d 647, 649 (2d Cir. 1998); *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994) (holding that if a motion for return of seized property is "made after the termination of criminal proceedings against the defendant . . . such a motion should be treated as a civil complaint for equitable relief").

[3] Though filed on October 24, 2011, more than thirty (30) days following the Court's issuance of its Decision and Order, the IFP application is signed by Plaintiff and dated October 14, 2011.  Affording Plaintiff the benefit of the prison mail box rule, under which a *pro se* inmate's papers are deemed filed as of the date they are given to prison officials, *see Tracy v. Freshwater*, No. 5:01-CV-0500, 2008 WL 850594, *1 (N.D.N.Y. Mar. 28, 2008) (citing *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988)), the Court will assume that Plaintiff delivered his papers to prison officials on that date and will therefore deem his filing timely.

qualifies for IFP status. As such, Plaintiff's request to proceed *in forma pauperis* in this action is granted.

### B.     Standard of Review

Since the Court has found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, the Court must consider the sufficiency of the allegations set forth in his pleading in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the Court has a gatekeeping responsibility to determine whether a complaint may be properly maintained in this District before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id*.

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *see Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). There is, nonetheless, an obligation on the part of the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.[4]  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363

---

[4]     "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 3:99-MC-304, 3:99-MC-408, 1999 WL 1067841, *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v.*
(continued...)

(2d Cir. 2000) (holding that a district court may dismiss as frivolous a complaint *sua sponte* notwithstanding the fact that the plaintiff has paid the statutory filing fee); *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (holding that a district court has the power to dismiss a case *sua sponte* for failure to state a claim).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

---

[4](...continued)
*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that "the decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915([e]), may be based upon a defense that appears on the face of the complaint").

conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

### III.  ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Summary of Plaintiff's Claims

Instead of a single integrated pleading, Plaintiff filed his original motion, followed by the filing of a "motion for clarification," which the Court will treat as an amended pleading.[5] In his *pro se* motion, Plaintiff contends that the Utica Police Department conducted an illegal search of his vehicle on November 18, 1988, without a search warrant. *See* Dkt. No. 1 at ¶ 1. During the course of that search, the law enforcement agents allegedly seized $638.00 in cash, electronic equipment, airplane tickets, personal clothing, Plaintiff's vehicle, and other items of minimum value. *See id.* Plaintiff claims that he has contacted the Oneida County District Attorney's Office on several occasions for the return of his seized property, to no avail. *See id.* at ¶ 2. Plaintiff seeks the return of his property or, in the alternative, an evidentiary hearing to show cause as to why this property is still being held by law enforcement officials. *See id.* at ¶ 12.

Plaintiff's amended pleading alleges the same factual basis for his claims, but provides

---

[5] Plaintiff's initial and amended pleading are properly considered together by the Court when evaluating the plausibility of his claims. *See Hale v. Rao*, No. 9:08-CV-1612, 2009 WL 3698420, *3 n.8 (N.D.N.Y. Nov. 3, 2009) (holding that "in cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they are consistent with the allegations in the complaint").

some additional factual background, including that the state charges that were brought against him in New York were dismissed, and that the Oneida County District Attorney's office was ordered to return the seized property. *See* Dkt. No. 5 at 2. Plaintiff also attaches correspondence from the Oneida County District Attorney's Office, dated September 28, 2007, advising Plaintiff that it possesses $638.00 seized at the time of his arrest and that it would return one-third of that amount in exchange for Plaintiff's agreement to forfeit the remainder. *See id.* at Attachment. Plaintiff refused the District Attorney's offer and demanded the return of all of the property that was seized. *See id.* The property was not returned. *See id.* at 4. Perhaps most significantly, in his "motion for clarification," Plaintiff "seeks to have his Rule 41(g) motion recharacterized as a motion under Rule 60(b)."[6] *See id.* at 4.

Read in light of the applicable standards, the Court finds that the claim set forth in Plaintiff's submissions, which in deference to Plaintiff's *pro se* status the Court has construed as a whole, fails to state a cause of action upon which relief may be granted and are frivolous.

    **B.**    **Application of Governing Legal Principles to Plaintiff's Claims**

        **1.**    **Plaintiff's Claim Under Federal Rule of Criminal Procedure 41(g) is Untimely**

Plaintiff's original pleading was brought pursuant to Federal Rule of Criminal Procedure 41(g), which provides that,

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the

---

    [6] In its previous Decision and Order, the Court observed that it appeared that his Complaint was both untimely and barred by the doctrine of *res judicata*. *See* Dkt. No. 2 at 3 & n.1.

> motion, the court must return the property to the movant, but may
> impose reasonable conditions to protect access to the property and
> its use in later proceedings.

Fed. R. Crim. Proc. 41(g). Such an action is subject to the six-year statute of limitations set forth in 28 U.S.C. § 2401(a). *See Polanco v. United States Drug Enforcement Admin.*, 158 F. 3d 647, 653 (2d Cir. 1998); *see also Valencia-Romero v. United States*, No. 97 CV 6723, 1998 WL 938949, *2 (E.D.N.Y. Nov. 18, 1998). A cause of action accrues for statute of limitations purposes when the plaintiff "knows or has reason to know of the harm" for which he may be entitled to damages. *See Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994), *cert. denied*, 516 U.S. 808, 116 S. Ct. 53 (1995).

Plaintiff alleges that he was arrested, his vehicle, person, and part-time residence were searched, and that his property was seized on November 18, 1988. Thus, it appears from the face of Plaintiff's pleading that this action should have been brought on or before November 18, 1994, and is therefore grossly untimely. Thus, to the extent that Plaintiff seeks to proceed under Rule 41(g), that claim must be dismissed as time-barred.[7]

### 2. Plaintiff's Motion Under Federal Rule of Civil Procedure 60(b) Is Untimely

---

[7] Rule 41 is entitled "search and seizure" and provides, *inter alia*, the procedure for a federal law enforcement officer or an attorney for the government to obtain a search warrant. *See* Fed. R. Crim. P. 41(b). From the allegations in Plaintiff's pleadings it appears that the property in question was seized in relation to a New York state criminal arrest, without any involvement of federal law enforcement officers. In light of this fact, is seems unlikely that Rule 41(g) would provide a basis for Plaintiff's claim, even if it were timely. *See United States v. Burke*, 517 F.2d 377, 382 (2d Cir. 1975) (holding that "the mere fact that property seized pursuant to the warrant of a state judge at the request of state law enforcement officers for violation of state law does not implicate the requirements of the Rule").

Rules 60(b) of the Federal Rules of Civil Procedure, which Plaintiff now asserts provides the procedural vehicle for his current Complaint, addresses the standard to be applied when relief from a final judgment or order is sought, and provides in relevant part that

> [o]n motion and just terms, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In this District, reconsideration of an order entered by the court is appropriate upon a showing of "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995); *see also Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 244 (N.D.N.Y. 2002) (citing *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000)). Applications for reconsideration are also subject to an overarching "clearly erroneous" gauge. *See Sumner*, 103 F. Supp. 2d at 558. Additionally, the Rule expressly provides that a motion under this provision "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "This time limit is jurisdictional and cannot be extended." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006) (citations omitted); *Lugo v. Artus*, No. 05 Civ. 1998, 2008 WL 312298, *2, n.14 (S.D.N.Y. Jan. 31, 2008). An appeal during this one-year time period does not toll the one-year limitations period. *See King v. First American Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002); *Espaillat v. Continental Exp., Inc.*, No. 99-CV-6173, 2003 WL 22384799, *3 (W.D.N.Y.

Sept. 5, 2003).

While not entirely clear, it appears that Plaintiff's Rule 60(b) motion is addressed to the judgment previously entered in this Court in his action filed in 1989, *Walker v. Briggs*, Civil Action No. 9:89-CV-1432. That action was tried before the Court in November of 2003, and judgment was entered in favor of the defendants therein on March 24, 2004. Like an action under Federal Rule of Criminal Procedure 41(g), Plaintiff's motion under Rule 60(b), brought more than seven years after the entry of judgment, is grossly untimely and must be dismissed as time-barred.

### 3.     Plaintiff's Claim Is Barred By the Doctrine of *Res Judicata*

The judgment entered in Plaintiff's previous action also provides a separate and independent basis for dismissal of the present claim under the doctrine of *res judicata*. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). While under claim preclusion a final judgment forecloses successive litigation of the very same claim regardless if relitigation of the claim raises the same issues as in the prior suit, issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved by a court, even if the issue recurs in a different context in a new claim. *See id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 748-49, 121 S. Ct. 1808, 1814 (2001)). Both doctrines protect against "the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions" while precluding parties from bringing claims they have already had a full and fair opportunity to litigate. *Montana v. United States*, 440 U.S. 147, 153-54, 99 S. Ct. 970, 973-74 (1979). Succinctly stated, "[t]he doctrine of res judicata . . . was established as a means to promote legal

economy and certainty." *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1232 (2d Cir.), *cert. denied*, 434 U.S. 903, 98 S. Ct. 3000 (1977).

*Res judicata* or "claim preclusion generally prevents litigation of any ground that could have been advanced in the earlier suit in support of the claim . . . made there. . . ." *USM Corp. v. SPS Technologies, Inc.*, 694 F.2d 505, 508 (7th Cir. 1982). Before claim preclusion will bar a subsequent lawsuit, it must be shown that there was a final judgment on the merits in the previous proceeding, involving the same parties or their privies, and arising out of the same transaction or connected series of transactions that was at issue in the previous proceeding. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002); *see also Faye v. South Colony Cent. Sch. Dist.*, 802 F.2d 21, 28 (2d Cir. 1986), *overruled on other grounds by*, *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768 (2d Cir. 2002).

A review of Plaintiff's Complaint filed in Civil Action No. 9:89-CV-1432, reveals that it arose out of the same arrest and alleged seizure of Plaintiff's personal property, named Jerry Briggs as a defendant, and sought, among other things, "[r]eturn of personal property retained as the result of illegal arrests and seizures" – the same relief requested in the pending action. *See Walker v. Briggs, et al.*, Civil Action No. 9:89-CV-1432, Dkt. No. 1 at 1. As previously discussed, following a bench trial, that action terminated with a judgment in the defendants' favor. *See id.* at Dkt. No. 114. On appeal, that judgment was affirmed by the Second Circuit. *See id.* at Dkt. No. 129. For these reasons, Plaintiff's action must be dismissed under the doctrine of *res judicata*.

C. **Nature of Dismissal**

Generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed

to amend his or her complaint. *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (holding that "where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice" (citation omitted)); *cf. Gomez*, 171 F.3d at 796 (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim"). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, *1 (N.D.N.Y. Sept. 22, 1997) (holding that "the court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile" (citation omitted)).

      For the reasons set forth above, it is clear that Plaintiff cannot state a viable claim for the return of his property, and that, as a result, leave to amend would be futile. Accordingly, Plaintiff's Complaint is dismissed with prejudice.

      Accordingly, the Court hereby

      **ORDERS** that this action is **dismissed**, with prejudice, for failure to state a cause of action and as frivolous; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order upon the Plaintiff in accordance with the Court's Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

Dated: November 22, 2011
       Albany, New York

Mae A. D'Agostino
U.S. District Judge